IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CRAIG IVAN GILBERT,

    **Plaintiff,**

    v.                                            CASE NO.  22-3215-JWL-JPO

**CHARLES SIMMONS, Kansas**
**Secretary of Corrections,**

    **Defendant.**

## MEMORANDUM AND ORDER

This matter is before the court on a notice of removal filed by the Plaintiff Craig Ivan Gilbert.  Mr. Gilbert filed this "Notice of Removal," purporting to remove a closed case from the Kansas Court of Appeals.  (Doc. 1.)  Mr. Gilbert fails to provide a full case number and only provides that it is a closed case from 2003.  *Id*.  The case appears to be a habeas or civil rights case Plaintiff initiated in state court.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  The statute provides for removal by "the defendant or the defendants," it does not provide for removal by a plaintiff.

In *Montero v. Tulsa Airport Improvements*, the pro se plaintiff sued in state court and then purported to transfer or remove the case to federal court. *Montero v. Tulsa Airport Improvements*, 770 F. App'x 439 (10th Cir. 2019) (unpublished).  The Tenth Circuit found that the district court lacked jurisdiction "because a plaintiff cannot . . . remove a case from state court to federal court under 28 U.S.C. § 1441." *Id*. at 440.  "Section 1441 does permit removal

of a case from state court to federal court. But a plaintiff . . . cannot remove the case." *Id*. (citing *see Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993) (per curiam) ("No section [of the U.S. Code] provides for removal by a plaintiff."); *see also* 14C Charles Alan Wright, et al.*, Federal Practice and Procedure* § 3730, at 607 (2018) (stating that "plaintiffs cannot remove" cases to federal court)).

Plaintiff has failed to provide any authority for removing a closed case. The removal statutes refer to a pending action. Although summary remand is ordinarily required under the applicable statute, the posture of this case is such that there is no court to which it may be remanded. Therefore, dismissal is appropriate.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed.**

**IT IS SO ORDERED**.

**Dated September 29, 2022, in Kansas City, Kansas.**

                        **S/ John W. Lungstrum**
                        **JOHN W. LUNGSTRUM**
                        **UNITED STATES DISTRICT JUDGE**